MICHAEL J. DUVALL (SBN 276994)
michael.duvall@dentons.com
NATALIE M. LIMBER (SBN 304252)
natalie.limber@dentons.com
MARGRET L. FLODEEN (SBN 328589)
margret.flodeen@dentons.com
NICOLE K. SMITH (SBN 330384)
nicole.smith@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: 213 623 9300
Facsimile: 213 623 9924

Attorneys for Defendant
ARLO TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTERN INC., a Utah corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ARLO TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. **'25CV0516 JLS BLM**<br><br>**NOTICE OF REMOVAL**<br><br>From the Superior Court of California, County of San Diego, Case No. 25CU004340C<br>Action Filed: January 24, 2025 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Arlo Technologies, Inc. ("Arlo") hereby removes the above-titled action from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California. Removal is warranted under 28 U.S.C. § 1441(b) because this is an action over which the

United States District Court has diversity jurisdiction under 28 U.S.C. § 1332. In support of its removal, Arlo respectfully offers the following:

## I. THE STATE COURT ACTION

1. On January 24, 2025, Plaintiff Pattern Inc. filed the Complaint in the Superior Court of the State of California, County of San Diego, Case No. 25CU004340C (the "State Court Action").

2. The sole named defendant is Arlo.

3. On February 3, 2025, a copy of the Summons, Complaint, and associated papers were served on Arlo's registered agent. Those papers and others filed in this action in the California Superior Court are attached as **Exhibit A**.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 and 1441 because: (1) Plaintiff and Arlo are diverse; and (2) Plaintiff's claims, exclusive of costs and interest, place more than $75,000 in controversy.

**A. Complete Diversity of Citizenship Exists Between the Parties.**

5. Arlo is not a citizen of the same state as Plaintiff. Complete diversity therefore exists under 28 U.S.C. § 1332(a).

6. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

7. Plaintiff is incorporated under the laws of the State of Utah.

8. Plaintiff correctly alleges in the Complaint that Arlo is incorporated under the laws of the State of Delaware.

9. The phrase "principal place of business" refers to the place where a company's "high level officers direct, control, and coordinate" operations, and will

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

"typically be found" at a company's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

10. Plaintiff alleges that it maintains, and at all relevant times has maintained, its principal place of business in the State of Utah. Compl. ¶ 1.

11. Arlo's officers direct, control, and coordinate Arlo's activities from its headquarters in San Diego, California. Plaintiff correctly alleges in its Complaint that Arlo's principal place of business is in the State of California. Compl. ¶ 2.

12. The citizenship of the alleged, fictious Doe Defendants are not considered for the purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of fictious names shall be disregarded.").

13. Accordingly, this action involves "citizens of different States," 28 U.S.C. § 1332(c)(1).

**B. The Amoun-in-Controversy Requirement is Satisfied.**

14. It is facially evident from the Complaint that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See Mozingo v. Japan Airlines Co.*, 432 F. Supp. 3d 1194, 1197 (S.D. Cal. 2020) (recognizing that Ninth Circuit jurisprudence holds that when a plaintiff alleges a specific amount of damages, then it is "facially apparent from the complaint that the jurisdictional amount is in controversy.").

15. In Plaintiff's Complaint, the prayer for relief is for $2,444,460.00. Compl. p. 7, ¶¶ 1-2.

16. Additionally, Plaintiff seeks attorneys' fees and expert witness fees. Compl. p. 7, ¶¶ 3-4.

17. Accordingly, it is facially evident from Plaintiff's allegations in the Complaint that Plaintiff seeks damages in excess of $75,000.00, and that the amount-in-controversy requirement under 28 U.S.C. § 1332 is therefore satisfied.

*See Martinell v. Subaru of Am., Inc.*, No. EDCV 24-1967 JBG (DTBX), 2024 WL 4875254, at *2 (C.D. Cal. Nov. 22, 2024) ("When a state-court complaint alleges on its face 'damages in excess of the required jurisdictional minimum,' the amount pled controls unless it appears 'to a legal certainty' that the claim is for less than the jurisdictional amount.") (quoting *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402-404 (9th Cir. 1996)).

## III.  DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

18. As a defendant, Arlo has the power to remove this case. *See* 28 U.S.C. § 1446(a).

19. This Notice of Removal is timely under 28 U.S.C. § 1446(b), which requires a defendant to remove a case within thirty (30) days after receipt of the initial pleading setting forth the claim for relief on which such action is based.

20. The Superior Court of the State of California, County of San Diego is located within the jurisdiction of the United States District Court for the Southern District of California, and thus, this Court is the proper District Court for removal. *See* 28 U.S.C. §§ 84(d), 1441(a).

21. This Notice of Removal is being filed within one year of the commencement of the State Court Action. *See* 28 U.S.C. § 1446(c)(1).

22. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings filed in the State Court action are attached as **Exhibit A.**

23. There has been no previously filed notice of removal in this action.

24. Pursuant to 28 U.S.C. § 1446(d), Arlo will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and serve a copy on counsel for Plaintiff.

/ / /

## IV. NON-WAIVER OF DEFENSES

25. By removing the State Court Action to this Court, Arlo does not waive any defenses, objections, or motions available under state or federal law, nor does Arlo admit any of the allegations in Plaintiff's Complaint.

ACCORDINGLY, Arlo removes this action and gives notice to Plaintiff and the Superior Court of California, County of San Diego, that the State Court Action is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(b)(1) and shall proceed no further pursuant to 28 U.S.C. § 1446(d).

Dated: March 5, 2025

Respectfully submitted,

DENTONS US LLP
Michael J. Duvall
Natalie M. Limber
Margret L. Flodeen
Nicole K. Smith

By: */s/ Margret L. Flodeen*
    Margret L. Flodeen

Attorneys for Defendant
ARLO TECHNOLOGIES, INC.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

NOTICE OF REMOVAL

129312412\V-2