# Exhibit A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
1/24/2025 6:59:30 PM
Clerk of the Superior Court
By V. Bahena, Deputy Clerk

1  MARY R. ROBBERSON, ESQ. (Bar No. 190641)
   mary@theRSfirm.com
2  RACHEL M. GARRARD, ESQ. (Bar No. 307822)
   rachel@theRSfirm.com
3  ROBBERSON SCHROEDTER LLP
   501 West Broadway, Suite 1260
4  San Diego, CA 92101
   (619) 353.5691
5
   Attorneys for Plaintiff
6  PATTERN INC.

7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                                CENTRAL DIVISION

10

11 | PATTERN INC., a Utah corporation,              | CASE NO. 25CU004340C |
12 |                    Plaintiff,                  | **COMPLAINT FOR DAMAGES OR, ALTERNATIVELY, RESCISSION FOR:** |
13 | v.                                             |                      |
14 | ARLO TECHNOLOGIES, INC., a Delaware            | **(1) BREACH OF CONTRACT;** |
   | corporation; and DOES 1 through 10,            |                      |
15 | inclusive,                                     | **(2) INTERFERENCE WITH ECONOMIC RELATIONS.** |
16 |                    Defendants.                 |                      |

17     Plaintiff, Pattern Inc. ("Pattern" or "Plaintiff"), for its complaint against Defendant,
18 Arlo Technologies, Inc., a Delaware corporation ("Defendant" or "Arlo") and Does 1 through 10,
19 inclusive, alleges as follows:
20 ///
21 ///
22 ///

1

COMPLAINT

**I.**

**JURISDICTION AND VENUE**

1. Plaintiff Pattern is a Utah corporation, which maintains its principal place of business in Utah County, State of Utah.

2. Defendant Arlo is a Delaware corporation, with its principal place of business in the county of San Diego, State of California.

3. The transactions and wrongful acts at issue in this matter were undertaken and entered into within the county of San Diego, State of California.

4. Additionally, the parties agreed to jurisdiction, forum, and venue in San Diego, California, exclusively, pursuant to the written agreement at issue in this matter.

5. Accordingly, venue and jurisdiction are proper in this Court.

6. Plaintiff is unaware of the true names, status or capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint to allege said true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the fictitiously-named Defendants is in some manner responsible for the misconduct, harm and damages sustained by Plaintiff as alleged herein.

**II.**

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7. Plaintiff is an online retailer and possesses certain expertise and technological capabilities with respect to the sale of products on retail websites, including but not limited to Amazon.com, Inc. ("Amazon"). Plaintiff's expertise and technological capabilities include content management, listing management, product feedback management, search engine optimization, advertising management, and unauthorized seller investigation.

8. Plaintiff's expertise, technological capabilities and services are valued and utilized by sellers of brand name products who wish to sell their products online through Amazon and other similar retail platforms.

9. Defendant is engaged in combining intelligent cloud infrastructure and mobile applications with a variety of smart connected devices. The smart connected devices at issue in this matter are home security cameras (the "Products"). Defendant sells its Products both through direct online sales to customers, and through sales to resellers who resell the Products to consumers.

10. On or about December 6, 2023, Plaintiff and Defendant entered into an Authorized Reseller Agreement by which Defendant engaged Plaintiff to be a reseller of the Products and to provide certain other services related to the marketing and sale of the Products on Amazon (the "Agreement").

11. Under the terms of the Agreement, Plaintiff was to purchase the Products from Defendant at an agreed upon price and then market and resell them on Amazon using its technology and expertise.

12. Pursuant to the express terms of the Agreement, Defendant appointed Plaintiff as its exclusive retailer of the Products on Amazon.

13. Specifically, the exclusivity terms in the Agreement expressly provide that Defendant was not to, either directly or through any affiliate, sell any of its Products through Amazon during the two (2) year term of the Agreement – no exceptions.

14. Plaintiff performed all of its obligations under the terms of the Agreement and did in fact purchase the Products from Defendant and paid Defendant all sums due for the Products (the "Inventory").

15. To date, Plaintiff remains in possession of substantial portions of the Inventory. The Inventory is in the same condition it was when Plaintiff received it from Defendant.

16. At all times relevant, Plaintiff has been willing to resell the Inventory on Amazon.

17. In or about the spring of 2024, Amazon informed Defendant that Amazon was making a unilateral decision to not permit Plaintiff to act as a reseller for Defendant on Amazon. Defendant informed Plaintiff of Amazon's decision.

18. Amazon gave Plaintiff twelve (12) months to sell through the Products that had already been listed online by Plaintiff with Amazon. At all times relevant, Defendant was aware that Amazon gave Plaintiff a twelve (12) month period to sell through the Products that had already

been listed online by Plaintiff with Amazon.

19. Plaintiff attempted, in good faith, to work with Defendant to find other avenues to sell the remaining Inventory and any Products that did not sell within the twelve (12) months provided by Amazon.

20. Defendant did not cooperate with Plaintiff.

21. Instead, Defendant took deliberate steps which hindered Plaintiff's ability to sell through the Products that had already been listed online during the twelve (12) month period provided by Amazon.

22. In a material breach of the express exclusivity terms of the Agreement, in late spring or early summer of 2024, Defendant began selling Products to Amazon, directly i.e., during the two (2) year term of the Agreement.

23. That act by Defendant severely prejudiced and interfered with Plaintiff's ability to sell Inventory during the twelve (12) month sell through period provided by Amazon, and resulted in damages to Plaintiff.

24. Despite several attempts by Plaintiff to resolve the issues between the parties, Defendant has refused to cooperate with Plaintiff and has failed to cure the material breach of the Agreement.

25. Under the express terms of the Agreement, upon Plaintiff's termination of the Agreement for material breach by Defendant, and after a 30-day cure period has expired, the parties "shall" work together in good faith to sell through all remaining Inventory for ninety (90) days, and at the end of those ninety (90) days, Defendant "shall" purchase remaining on-hand Inventory from Plaintiff at the prices for which Plaintiff bought the Inventory from Defendant.

26. Plaintiff has made demand on Defendant for Defendant to purchase the remaining Inventory. As of the filing of this complaint, Defendant has failed and refused to abide by the terms of the Agreement and has failed and refused to purchase the remaining Inventory at the price for which Plaintiff initially bought it from Defendant.

27. As a direct and proximate result of Defendant's breaches of the Agreement, Plaintiff has incurred damages in an amount to be proven at trial, but at least in the amount of $2,444,460.00,

plus pre-judgment interest, attorneys' fees as required under the Agreement, and costs.

## III.

## **FIRST CAUSE OF ACTION**

### **(Breach of Contract)**

28. Plaintiff realleges and incorporates herein by reference the preceding paragraphs.

29. Within the last four (4) years, Plaintiff and Defendant entered into the Agreement, which is a binding written contract.

30. The Agreement was for a term of two (2) years, commencing on December 6, 2023, and ending on December 5, 2025.

31. The Agreement required Plaintiff Pattern to purchase Products from Defendant Arlo and for Arlo to deliver to Pattern the Products purchased. Plaintiff Pattern purchased the Inventory from Defendant Arlo and said Inventory was delivered to Pattern at agreed upon prices. Plaintiff has paid for all Inventory it received.

32. The Agreement expressly provides that Defendant appointed Plaintiff to act as the exclusive reseller of the Products on Amazon, and Plaintiff accepted that appointment.

33. Under the terms of the Agreement, the exclusivity granted to Plaintiff by Defendant was interpreted by the parties, as expressly set out in the Agreement, as an agreement by and obligation of Defendant, *for the entirety of the two (2) year term of the Agreement*, to not sell, on its own behalf or through any affiliate, any Products on Amazon.

34. Plaintiff has at all times relevant, performed all of its obligations under the Agreement, unless it was prevented from doing so due to impossibility.

35. Defendant has breached the material terms of the Agreement by selling the Products on Amazon during the two-year term of the Agreement, in competition with Plaintiff and in contravention of the express terms of the Agreement.

36. Defendant has also breached the Agreement by failing and refusing to buy back the Inventory from Plaintiff, at the price Plaintiff paid Defendant for the Inventory.

37. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in an amount to be proven at trial, but at least in the amount of $2,444,460.00.

## IV.

## SECOND CAUSE OF ACTION

### (Interference with Economic Relations)

38. Plaintiff realleges and incorporates herein by reference the preceding paragraphs.

39. In or about the spring of 2024, Amazon informed Defendant Arlo that Amazon was making a unilateral decision to not permit Plaintiff Pattern to act as a reseller for Arlo on Amazon. Defendant Arlo informed Plaintiff of Amazon's decision.

40. Amazon gave Plaintiff twelve (12) months to sell through the Products that had already been listed online by Plaintiff with Amazon.

41. At all times relevant, Defendant was aware that Amazon gave Plaintiff a twelve (12) month period to sell through the Products that had already been listed online by Plaintiff with Amazon.

42. Despite that knowledge, Defendant took deliberate and intentional steps which hindered Plaintiff's ability to sell through the Products that had already been listed online during the twelve (12) month period provided by Amazon.

43. In late spring or early summer of 2024, Defendant began selling Products to Amazon, directly, during the two (2) year term of the Agreement.

44. At all times relevant, Defendant knew that Plaintiff had economic relations with Amazon, that Amazon had permitted Plaintiff to use the Amazon platform for 12 months to sell through those Products that were already online, and that Defendant selling to Amazon during that 12-month period would hinder and prejudice Plaintiff.

45. As a direct and proximate result of Defendant's wrongful acts, Plaintiff has been damaged in an amount to be proven at trial.

///

///

///

# **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**On the First Cause of Action for Breach of Contract:**

1. For damages in an amount in excess of the jurisdictional limit of this Court, and in an amount to be proven at trial, but at least in the amount of $2,444,460.00 U.S. Dollars, plus pre-judgment and post-judgment interest;

2. Alternatively, for rescission and restitution in an amount to be proven at trial, but at least in the amount of $2,444,460.00 U.S. Dollars, plus pre-judgment and post-judgment interest;

3. For attorneys' fees as provided by the parties' written agreement;

4. For expert witness fees;

5. For costs of suit herein incurred; and

6. For such other and further relief as the Court may deem proper.

///

///

///

**On the Second Cause of Action for Interference with Business Relations:**

1. For damages in an amount in excess of the jurisdictional limit of this Court, and in an amount to be proven at trial, but at least in the amount of $2,444,460.00 U.S. Dollars, plus pre-judgment and post-judgment interest;

2. For attorneys' fees as provided by the parties' written agreement;

3. For expert witness fees;

4. For costs of suit herein incurred; and

5. For such other and further relief as the Court may deem proper.

DATED: January 24, 2025                    ROBBERSON SCHROEDTER LLP

By: _____
MARY R. ROBBERSON, ESQ.
RACHEL M. GARRARD, ESQ.
Attorneys for Plaintiff,
PATTERN INC.