MICHAEL J. DUVALL (SBN 276994)
michael.duvall@dentons.com
NATALIE M. LIMBER (SBN 304252)
natalie.limber@dentons.com
MARGRET L. FLODEEN (SBN 328589)
margret.flodeen@dentons.com
NICOLE K. SMITH (SBN 330384)
nicole.smith@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  213 623 9300
Facsimile:   213 623 9924


Attorneys for Defendant
ARLO TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTERN INC., a Utah corporation,<br><br>Plaintiff,<br><br>ARLO TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>ARLO TECHNOLOGIES, INC., a Delaware corporation,<br><br>Counter Plaintiff,<br><br>PATTERN INC., a Utah corporation; and DOES 1 through 10, inclusive,<br><br>Counter Defendants | Case No. 3:25-cv-00516-JLS-BLM<br><br>**ARLO TECHNOLOGIES, INC.'S ANSWER; COUNTER COMPLAINT**<br><br>Judge: Hon. Janis L. Sammartino<br>Date Action Filed:  January 24, 2025<br>Date Action Removed: March 5, 2025 |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1  Defendant ARLO TECHNOLOGIES, INC. ("Arlo"), by and through its attorneys,

2  for its Answer to the Complaint of Plaintiff PATTERN INC. ("Pattern"), states as

3  follows:

## I.

## <u>JURISDICTION AND VENUE</u>

6    1.    Arlo admits that, on information and belief, Pattern is a Utah

7  corporation, which maintains its principal place of business in Utah County, State

8  of Utah.

9    2.    Arlo admits that it is a Delaware corporation with its principal place of

10  business in San Diego County, State of California.

11    3.    Arlo admits that the alleged transactions occurred in the county of San

12  Diego, State of California but denies that Arlo committed any "wrongful acts."

13    4.    Arlo admits that the parties agreed to a forum selection clause

14  designating San Diego, California (federal or state courts) as the location for

15  disputes under the contract. Arlo further states that it properly removed this action

16  to the United States District Court for the Southern District of California pursuant

17  to 28 U.S.C. §§ 1332, 1441, and 1446, as there is complete diversity of citizenship

18  and the amount in controversy exceeds $75,000.

19    5.    Arlo denies this allegation to the extent it suggests that venue and

20  jurisdiction are proper only in state court. Arlo affirmatively alleges that this action

21  was properly removed to federal court and this Court has jurisdiction.

22    6.    Arlo denies the allegations concerning fictitious defendants for lack of

23  knowledge and information sufficient to form a belief as to their truth.

## II.

## <u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

26    7.    Arlo denies the allegations of Paragraph 7.

27    8.    Arlo denies the allegations of Paragraph 8.

28    9.    Arlo admits that it combines cloud infrastructure and mobile

130121558v2

applications with connected home security devices, and that it sells its products directly to consumers and through resellers.

10.    Arlo admits that on or about December 6, 2023, it entered into an Authorized Reseller Agreement with Pattern, which designated Pattern as a reseller of Arlo products on Amazon. The Agreement speaks for itself.

11.    Arlo admits that, pursuant to the Agreement, Pattern was obligated to purchase Arlo products at agreed prices for resale on Amazon.

12.    Arlo admits that the Agreement contains a provision regarding exclusivity, subject to the other terms and conditions of the Agreement and Pattern's compliance therewith. The Agreement speaks for itself.

13.    Arlo denies that the exclusivity was unconditional. The Agreement speaks for itself. Arlo denies the allegations of Paragraph 13 to the extent they contradict the express terms of the Agreement.

14.    Arlo denies that Pattern performed all of its obligations and otherwise denies the allegations of Paragraph 14.

15.    Arlo lacks sufficient information to admit or deny the allegations of Paragraph 15 and therefore denies the same.

16.    Arlo denies the allegations of Paragraph 16.

17.    Arlo admits that in or around Spring 2024, Amazon informed Pattern that Pattern would no longer be able to act as a reseller of Arlo products on the Amazon platform and Pattern then informed Arlo.

18.    Arlo admits the allegations of Paragraph 18.

19.    Arlo denies the allegations of Paragraph 19.

20.    Arlo denies the allegations of Paragraph 20.

21.    Arlo denies the allegations of Paragraph 21.

22.    Arlo denies that it breached the exclusivity terms of the Agreement and further states that Pattern's material breaches of the Agreement excused Arlo from further performance.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

3

130121558v2

23.    Arlo denies the allegations of Paragraph 23.

24.    Arlo denies the allegations of Paragraph 24.

25.    Arlo states that the Agreement speaks for itself. Arlo otherwise denies the allegations of Paragraph 25.

26.    Arlo admits that Plaintiffs purported to demand that Arlo purchase the remaining Inventory but otherwise denies the allegations and Plaintiff's characterizations.

27.    Arlo denies the allegations of Paragraph 27.

## III.

## FIRST CAUSE OF ACTION

## (Breach of Contract)

28.    Arlo incorporates by reference its responses to Paragraphs 1 through 27 as though fully set forth herein.

29.    Arlo admits the allegations of Paragraph 29.

30.    Arlo states that the Agreement speaks for itself.

31.    Arlo states that the Agreement speaks for itself. Arlo otherwise admits the allegations of Paragraph 31.

32.    Arlo states that the Agreement speaks for itself. Arlo otherwise admits the allegations of Paragraph 32.

33.    Arlo states the Agreement speaks for itself. Arlo otherwise denies the characterization of the Agreement.

34.    Arlo denies the allegations of Paragraph 34.

35.    Arlo denies the allegations of Paragraph 35.

36.    Arlo denies the allegations of Paragraph 36.

37.    Arlo denies the allegations of Paragraph 37.

/ / /

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

Arlo Technologies, Inc.'s Answer; Counter Complaint

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## IV.

## SECOND CAUSE OF ACTION

### (Interference with Economic Relations)

38.    Arlo incorporates by reference its responses to Paragraphs 1 through 37 as though fully set forth herein.

39.    Arlo admits that in Spring 2024, Amazon informed Pattern that Pattern would no longer be permitted to act as a reseller of Arlo products on Amazon.

40.    Arlo admits the allegations of Paragraph 40.

41.    Arlo admits the allegations of Paragraph 41.

42.    Arlo denies the allegations of Paragraph 42.

43.    Arlo admits that in early summer of 2024 it began selling Products to Amazon but denies the allegations of Paragraph 43 to the extent that they allege a breach of contract by Arlo.

44.    Arlo denies the allegations of Paragraph 44.

45.    Arlo denies the allegations of Paragraph 45.

## AFFIRMATIVE DEFENSES

By way of further answer, Arlo asserts the affirmative defenses below. By setting forth the following affirmative defenses, Arlo does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Pattern. Arlo reserves the right to assert other affirmative defenses not listed. Arlo expressly reserves the right to assert additional affirmative defenses based on further disclosures, investigation, and discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Arlo.

/ / /

Arlo Technologies, Inc.'s Answer; Counter Complaint

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## SECOND AFFIRMATIVE DEFENSE

### (Prior Material Breach)

Pattern's claims are barred, in whole or in part, by Pattern's prior material breach of the Agreement, which excused any further performance by Arlo.

## THIRD AFFIRMATIVE DEFENSE

### (Anticipatory Breach)

Pattern anticipatorily breached the Agreement by making clear, both expressly and through its conduct, that it could not and would not perform its obligations under the Agreement, including acting as Arlo's exclusive reseller on Amazon. This anticipatory breach relieved Arlo of any further performance obligations under the Agreement.

## FOURTH AFFIRMATIVE DEFENSE

### (Impossibility/Impracticability)

Pattern's claims are barred, in whole or in part, because performance of certain provisions of the Agreement became impossible or impracticable due to circumstances beyond Arlo's control, including Amazon's decision to prohibit Pattern from acting as a reseller for Arlo on Amazon.

## FIFTH AFFIRMATIVE DEFENSE

### (Frustration of Purpose)

Pattern's claims are barred, in whole or in part, because the principal purpose of the Agreement was substantially frustrated by circumstances beyond Arlo's control, including Amazon's decision to prohibit Pattern from acting as a reseller for Arlo on Amazon.

## SIXTH AFFIRMATIVE DEFENSE

### (Excuse)

Arlo's performance under the Agreement was excused, in whole or in part, by Pattern's conduct and by circumstances beyond Arlo's control, including Amazon's decision.

130121558v2

1

2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## SEVENTH AFFIRMATIVE DEFENSE

### (Force Majeure)

Pattern's claims are barred, in whole or in part, because Amazon's unilateral decision constituted a force majeure event under Section 12(g) of the Agreement, which excused Arlo's further performance of its obligations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

Pattern's claims are barred, in whole or in part, by a failure of consideration in that Pattern failed to deliver the promised performance under the Agreement. Pattern's inability and refusal to serve as Arlo's reseller on Amazon resulted in a lack of consideration for Arlo's continued performance under the Agreement.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Pattern's claims are barred, in whole or in part, by Pattern's failure to take good faith and reasonable steps to mitigate its alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Waiver)

Pattern's claims are barred, in whole or in part, because Pattern waived its rights to assert such claims through its conduct, including its failure to comply with its own obligations under the Agreement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Pattern's claims are barred, in whole or in part, by the doctrine of estoppel based on Pattern's own.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Pattern's claims are barred, in whole or in part, by the doctrine of unclean hands due to Pattern's own wrongful and bad faith conduct.

7

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (No Damages)

Pattern's claims for damages are barred, in whole or in part, because Pattern did not suffer any damages as a result of any conduct by Arlo.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (No Causation)

Pattern's claims are barred, in whole or in part, because any damages allegedly suffered by Pattern were not caused by any act or omission of Arlo.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Bad Faith)

Pattern's claims are barred, in whole or in part, because Pattern has acted in bad faith including by refusing to cooperate in resolving inventory issues, rejecting reasonable offers from Arlo to repurchase unsold inventory, and attempting to use the inventory dispute as leverage to extort an advertising agreement from Arlo.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Setoff)

Arlo is entitled to a setoff against any recovery by Pattern in the amount of Arlo's damages resulting from Pattern's breaches of the Agreement, fraudulent inducement, and other wrongful conduct as alleged in Arlo's Counter Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Additional Defenses)

Arlo reserves the right to assert additional affirmative defenses as they become known through discovery or otherwise.

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

## COUNTER COMPLAINT

Counter Plaintiff ARLO TECHNOLOGIES, INC. ("Arlo"), for its counterclaims against Counter Defendant PATTERN INC. ("Pattern") and DOES 1 through 10, inclusive, alleges as follows:

## JURISDICTION AND VENUE

1.    Counter Plaintiff Arlo is a Delaware corporation with its principal place of business in San Diego County, California.

2.    Counter Defendant Pattern is a Utah corporation with its principal place of business in Utah County, Utah.

3.    This Court has subject matter jurisdiction over this Counter Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Arlo and Pattern, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.    This Counter Complaint is a compulsory counterclaim under Federal Rule of Civil Procedure 13(a) as it arises out of the same transaction or occurrence that is the subject matter of Pattern's Complaint.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is also proper under the contract governing the parties' relationship, which provides that the parties consent to the exclusive jurisdiction of state and federal courts located in San Diego, California.

6.    Counter Plaintiff Arlo is unaware of the true names or capacities of the Counter Defendant sued herein as DOES 1 through 10, inclusive, and therefore sues these Counter Defendant by such fictitious names. Arlo will amend this Counter Complaint to allege their true names and capacities when the same have been ascertained. Arlo is informed and believes, and thereon alleges, that each of the fictitiously named Counter Defendants is responsible in some manner for the occurrences, acts, and omissions alleged herein and that Arlo's damages were

9

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

1  proximately caused by such Counter Defendants.

2  ## FACTUAL BACKGROUND

3  I.    Arlo's Business

4  7.    Arlo designs and sells a variety of smart home security products,

5  including wireless cameras, video doorbells, floodlight cameras, and related

6  accessories ("Products"). These Products are designed to connect with Arlo's

7  proprietary mobile and cloud-based platforms, allowing users to monitor and control

8  their home security systems remotely. Arlo's devices are sold through online retail

9  channels, and their utility and value are enhanced through an accompanying

10  subscription-based software platform.

11  8.    Arlo generates recurring revenue through these subscription services,

12  which include video cloud storage, AI-based alerts, and advanced security features.

13  Approximately 50% of consumers who purchase Arlo Products subsequently become

14  paid subscribers. These subscriptions provide Arlo with an average profit value of

15  $750 per subscriber. Arlo's business is built on capturing  such long-term

16  subscription profit, with Product sales designed to drive growth in those

17  subscriptions. Any disruption in device sales thereby causes a loss in subscription

18  profit.

19  II.    Pattern's Pre-Contractual Representations and Material Forecasting

20  Misrepresentations to Arlo

21  9.    On or about December 6, 2023, Arlo and Pattern entered into a heavily

22  negotiated Authorized Reseller Agreement (the "Agreement"), whereby Arlo

23  appointed Pattern as an authorized, exclusive reseller of certain Arlo Products on

24  Amazon.com ("Amazon"). This was significant considering that approximately 70%

25  of U.S. sales of smart home security cameras and related products are made on

26  Amazon.

27  10.    Prior to entering into the Agreement, Arlo had a first-party ("1P")

28  relationship with Amazon, whereby Arlo listed and sold its Products on Amazon.

10

130121558v2

From the beginning of the Pattern and Arlo's pre-Agreement negotiations, Pattern was aware of Arlo's 1P relationship with Amazon and specifically represented to Arlo that Pattern had extensive expertise in facilitating the transition of other national brands from a 1P relationship with Amazon to a third-party ("3P") selling relationship, in which a reseller such as Pattern lists and sells a brand's products on Amazon. Pattern further represented that its experience included successfully acting as the exclusive 3P reseller of such other national brands' products on Amazon.

11.    Pattern, through its affiliation with a law firm called Vorys that specializes in "eControl," including the management of unauthorized sellers on Amazon, approached Arlo and aggressively pitched Arlo to transition from its 1P relationship with Amazon to a 3P relationship with Pattern as the exclusive reseller of Arlo Products on Amazon.

12.    Prior to being approached by Pattern, Arlo had a longstanding 1P relationship with Amazon spanning approximately 10 years, during which time Arlo had built a significant customer base, market position, and visibility on the Amazon platform. Again, Amazon serves as the dominant marketplace for smart IP cameras in the United States, accounting for approximately 70% of their total domestic sales in this product category.

13.    Arlo's relationship with Amazon was a significant revenue source for Arlo, generating approximately $45 million in annual device sales and, in turn, corresponding subscriptions and resulting profits.

14.    Pattern also specifically represented to Arlo that Pattern had a proven track record and specialized knowledge that would ensure a smooth transition for Arlo from 1P to 3P, and that such a transition would not face opposition from Amazon.

15.    Pattern's representations regarding its purported expertise in managing the 1P to 3P transition, including its expertise in navigating the Amazon relationship, and its ability to improve Arlo's position on Amazon were crucial to Arlo's decision

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130121558v2

to enter into the Agreement.

16.    Pattern further represented that, based on its purported expertise and experience, it could deliver superior sales performance, improved product listing management, enhanced marketing, and better customer service than Arlo's existing 1P relationship with Amazon.

17.    Pattern also represented that it had unique expertise in eliminating unauthorized sellers of Arlo products on Amazon.

18.    During a series of phone calls and presentations in the months preceding the Agreement, Pattern provided Arlo with detailed presentations and forecasts specifically projecting that Pattern's 2024 sales of Arlo products would increase to $55 million.

19.    Pattern also provided Arlo with detailed presentations that contained specific benchmarks, timelines, and growth projections that Pattern represented it would achieve for Arlo's product line on Amazon. These presentations also were material in convincing Arlo to transition from its 1P relationship with Amazon to a 3P relationship with Pattern.

20.    Pattern represented that its superior marketing capabilities, including advanced search term optimization, enhanced product listing management, and specialized advertising strategies were a key component of Pattern's value proposition. Pattern promised to deliver comprehensive marketing services that would outperform Arlo's existing Amazon marketing strategies.

21.    Arlo relied on the foregoing representations in deciding to enter into the Agreement with Pattern and to transition from a 1P to a 3P relationship with respect to the sale of its Products on Amazon.

III.    The Agreement And Transition To Pattern as Arlo's Purported Exclusive 3P Reseller on Amazon

22.    The Agreement required Arlo to end its 1P relationship with Amazon, to stop selling its Products directly to Amazon, and to appoint Pattern as its exclusive

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

12

130121558v2

reseller on Amazon for the term of the Agreement, which Arlo did.

23.    The transition to the 3P relationship began in December 2023, with Pattern purchasing inventory from Arlo and beginning the sales process on Amazon in January 2024.

24.    In addition to selling Arlo's Products on Amazon, Pattern agreed to provide various other services related to the marketing and sale of the Products on Amazon, including content management, listing management, product feedback management, search engine optimization, unauthorized seller compliance, and other services.

25.    Pattern quickly failed to deliver on these promised capabilities, however. Pattern's services moved slowly, it failed to provide a final acceleration plan for Arlo's business on Amazon, and all of the representations regarding its capabilities in growing Arlo's business proved to be untrue.

26.    Pattern ultimately achieved less than $ 5 million in actual sales of Arlo Products. This dramatic shortfall made clear that Pattern's representations regarding its capabilities and expected performance were significantly inflated and ultimately unfounded.

IV.    Amazon's Termination Of Pattern As Arlo's Exclusive 3P Reseller And Pattern's Material Breaches

27.    In April 2024, Amazon informed Pattern that Pattern would no longer be permitted to act as a reseller for Arlo on Amazon. Amazon agreed to allow Pattern a 12-month period to sell through Products that had already been listed online with Amazon.

28.    Amazon's rejection of Pattern as a 3P reseller of Arlo's Products directly contradicted Pattern's earlier representation regarding its ability to facilitate Arlo's 1P to 3P transition with a lack of opposition from Amazon and breached Pattern's obligation to serve as Arlo's exclusive reseller on Amazon.

29.    Pattern's inability to fulfill this core obligation under the Agreement—

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130121558v2

1  to be the exclusive reseller of Arlo products on Amazon—constituted a material
2  breach of the Agreement.

3      30.    Additionally, despite Amazon's 12-month period for Pattern to sell off
4  its existing Arlo inventory, Pattern stopped its efforts to actively sell the Arlo
5  Products immediately after Amazon's notice. Indeed, Pattern's weekly sales of Arlo
6  products immediately declined by 76%. This abrupt cessation of sales efforts and
7  abandonment of its contractual obligations constituted another material breach of the
8  Agreement by Pattern.

9      31.    Thereafter, Arlo, and facing the loss of its business with Amazon, Arlo
10 was forced to resume its 1P relationship with Amazon, in or about June 2024.

11 V.    Pattern's Additional Bad Faith and Commercially Unreasonable
12 Conduct and Refusal To Mitigate Damages.

13     32.    Despite the fact that Pattern could no longer perform as Arlo's exclusive
14 3P reseller and was not otherwise performing under the Agreement, Pattern
15 attempted to leverage the Arlo's vulnerable situation by insisting that Arlo continue
16 to pay for Pattern's expensive marketing and advertising services.

17     33.    Indeed, when *Arlo* sought to explore alternative sales channels for the
18 inventory Pattern had purchased but was no longer selling in a good faith and
19 commercially reasonable manner, Pattern conditioned its purported willingness to
20 sell the inventory through alternative channels such as Walmart and Target on Arlo
21 continuing to pay for Pattern's marketing services.  And in October and November
22 2024, Arlo, as a courtesy and without any contractual obligation to do so, identified
23 another potential buyer (Shop NSI) for Pattern's remaining inventory, but Pattern
24 unreasonably and in bath faith refused this opportunity.  Arlo also presented Pattern
25 with a bulk purchase offer from Amazon, which Pattern also unreasonably and in bad
26 faith rejected.

27     34.    Instead, Pattern allowed the unsold inventory to sit in its warehouse for
28 approximately a year without taking reasonable steps to liquidate it.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130121558v2

35.    Furthermore, after Arlo resumed its 1P relationship with Amazon and engaged another firm to handle its Amazon advertising, Pattern deliberately withheld crucial advertising data and analytics that belonged to Arlo, making excuses and delaying the transfer of this information, which further damaged Arlo's ability to recover its already-damaged market position on the Amazon platform.

36.    Pattern also repeatedly claimed, without justification, that the Agreement had been terminated in its entirety and that Pattern therefore had the right to return all inventory to Arlo. Arlo maintained in its clear communications that the Agreement had not been terminated but rather that Pattern was in breach of the Agreement, which Pattern was required to cure, including with respect to its responsibility for the inventory it had purchased.

37.    Pattern also attempted to trick Arlo representatives into stating that Arlo was voluntarily terminating the Agreement, in an effort to purportedly trigger contractual provisions that purportedly would require Arlo to repurchase Pattern's remaining inventory.

VI.    Detrimental Impact On Arlo's Amazon Business

38.    Pattern's failure to reasonably and in good faith sell through existing inventory and explore alternative channels also caused significant damage to Arlo, including lost market share, decreased customer visibility, reduced sales, and lost future subscription profit.

39.    Arlo's market position on Amazon also was severely damaged by the unsuccessful transition to 3P and back to 1P. Arlo's transition back to 1P was not a simple process, but rather a complex and disruptive change that required Arlo to rebuild its Amazon presence from scratch, and one with which Pattern did not reasonably assist.

40.    Pattern's inability and failure to perform its exclusive reseller function for Arlo directly caused Arlo to incur substantial, foreseeable, and avoidable losses, including:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130121558v2

a. Approximately $5.7 million in direct switching costs that Arlo has incurred or is committed to incurring due to Pattern's breaches and the forced transition back to a 1P relationship; and

b. Lost subscription profit of $75 million.

### FIRST CAUSE OF ACTION

### (Breach of Contract – Exclusivity Provision)

41.    Arlo incorporates by reference Paragraphs 1 through 40 of this Counter Complaint as though fully set forth herein.

42.    The Agreement required Arlo Pattern to act as the exclusive reseller of Arlo products on Amazon.

43.    Pattern materially breached this exclusivity provision by being unable and refusing to act as a 3P reseller on Amazon.

44.    Pattern's breach excused Arlo from any obligation to refrain from selling directly on Amazon.

45.    As a direct and proximate result of Pattern's breach of the exclusivity provision, Arlo has suffered damages in an amount to be proven at trial, including lost market share, lost inventory value, lost Product sales, and lost subscription profit.

46.    As a direct and proximate result of Pattern's breach of the exclusivity provision, Arlo has suffered damages in an amount to be proven at trial, but not less than $80,700,000.

### SECOND CAUSE OF ACTION

### (Breach of Contract)

47.    Arlo incorporates by reference Paragraphs 1 through 46 of this Counter Complaint as though fully set forth herein.

48.    Arlo and Pattern entered into the Agreement, which is a valid and binding contract.

49.    Arlo performed all of its obligations under the Agreement, except those that were waived, excused, or rendered impossible to perform.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130121558v2

50.    Pattern materially breached the Agreement in additional multiple respects, including but not limited to:

a.    Abruptly ceasing to actively and reasonably sell Arlo Products after the Amazon notice;

b. Failing to perform the core services required under Section 1 of the Agreement—such as platform content and listing management, product feedback management, SEO, advertising, and unauthorized seller compliance—and failing to do so in a professional and workmanlike manner as required by Section 4(c); and

c. Failing to comply with Section 11(b)(vi) of the Agreement by refusing to work in good faith to sell through all remaining inventory after Amazon's decision.

51.    As a direct and proximate result of Pattern's material breaches of the Agreement, Arlo has suffered damages in an amount to be proven at trial, but not less than $80,700,000.

### THIRD CAUSE OF ACTION
### (Indemnification)

52.    Arlo incorporates by reference Paragraphs 1 through 51 of this Counter Complaint as though fully set forth herein.

53.    Section 10(b) of the Agreement provides that Pattern shall indemnify, defend, and hold harmless Arlo from and against any losses arising out of or relating to: (i) Pattern's material breach of its obligations under the Agreement; (ii) Pattern's willful misconduct; and (iii) Pattern's failure to comply with applicable law.

54.    As detailed above, Pattern materially breached its obligations under the Agreement.

55.    As detailed above, Pattern also engaged in willful misconduct.

56.    Arlo has suffered substantial losses arising out of and relating to Pattern's material breaches and willful misconduct and is therefore entitled to indemnification from Pattern for such losses in an amount to be proven at trial, but not less than $80,700,000.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

**FOURTH CAUSE OF ACTION**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

57.    Arlo incorporates by reference Paragraphs 1 through 56 of this Counter Complaint as though fully set forth herein.

58.    The Agreement contained an implied covenant of good faith and fair dealing, which required Pattern to act in good faith and to cooperate with Arlo in the performance of the Agreement.

59.    Pattern's actions as detailed above breached the implied covenant of good faith and fair dealing.

60.    As a direct and proximate result of Pattern's breach of the implied covenant of good faith and fair dealing, Arlo has suffered damages in an amount to be proven at trial, but not less than $80,700,000.

**FIFTH CAUSE OF ACTION**

**(Fraudulent Inducement)**

61.    Arlo incorporates by reference Paragraphs 1 through 56 of this Counter Complaint as though fully set forth herein.

62.    As detailed above, prior to entering into the Agreement, Pattern made multiple specific representations to Arlo regarding Pattern's expertise, capabilities, and benefits of transitioning Arlo from a 1P to a 3P relationship on Amazon managed by Pattern.

63.    These representations were false when made, and Pattern knew they were false or made them with reckless disregard for their truth.

64.    Pattern made these representations with the intent to induce Arlo to enter into the Agreement and transition from a 1P to a 3P relationship with Amazon.

65.    Arlo reasonably relied on Pattern's representations in deciding to enter into the Agreement and to transition from a 1P to a 3P relationship with Amazon managed by Pattern.

66.    As a direct and proximate result of Pattern's fraudulent representations,

18

130121558v2

Arlo has suffered damages in an amount to be proven at trial, but not less than $80,700,000.

67.    Pattern's conduct as alleged herein was malicious, oppressive, and fraudulent, thereby entitling Arlo to an award of punitive damages in an amount appropriate to punish Pattern and deter others from engaging in similar conduct.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation)

68.    Arlo incorporates by reference Paragraphs 1 through 67 of this Counter Complaint as though fully set forth herein.

69.    Pattern made numerous representations to Arlo regarding its expertise, capabilities, and the benefits of transitioning from a 1P to a 3P relationship on Amazon.

70.    At the time Pattern made these representations, Pattern had no reasonable grounds for believing them to be true, as evidenced by Pattern's ultimate achievement of less than $ 5 million in sales.

71.    Pattern had a duty to accurately represent its capabilities, including its ability to sell through inventory in alternative channels if necessary.

72.    Pattern made these representations with the intent to induce Arlo to rely upon them and enter into the Agreement.

73.    Arlo reasonably relied on Pattern's representations to its detriment by entering into the Agreement and transitioning from a 1P to a 3P relationship with Amazon.

74.    As a direct and proximate result of Pattern's negligent misrepresentations, Arlo has suffered damages in an amount to be proven at trial, but not less than $80,700,000.

## SEVENTH CAUSE OF ACTION

### (Tortious Interference with Contract)

75.    Arlo incorporates by reference Paragraphs 1 through 74 of this Counter

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

Arlo Technologies, Inc.'s Answer; Counter Complaint

130121558v2

Complaint as though fully set forth herein.

76.    Prior to entering into the Agreement with Pattern, Arlo had a long-standing contractual relationship with Amazon for the sale of Arlo Products through Amazon's 1P vendor program.

77.    Pattern was aware of this contractual relationship between Arlo and Amazon.

78.    Pattern intentionally interfered with this contractual relationship by inducing Arlo to cease its direct sales to Amazon and transition to a 3P model with Pattern as the exclusive reseller for Arlo.

79.    Pattern's interference was improper because Pattern knew or should have known that its representations regarding its ability to successfully transition Arlo from a 1P to a 3P model were false and that such a transition would disrupt Arlo's established relationship with Amazon.

80.    Pattern was motivated by a desire to earn fees from Arlo, including the more lucrative fees for marketing and advertising services, rather than a genuine intent to serve as a 3P reseller of Arlo products.

81.    Pattern's interference resulted in the termination of Arlo's established 1P relationship with Amazon, causing a significant disruption to Arlo's business and requiring Arlo to rebuild its Amazon presence from scratch.

82.    As a direct and proximate result of Pattern's intentional interference with Arlo's contractual relationship with Amazon, Arlo has suffered damages in an amount to be proven at trial, but not less than $80,700,000.

## EIGHTH CAUSE OF ACTION

### (Declaratory Relief)

83.    Arlo incorporates by reference Paragraphs 1 through 82 of this Counter Complaint as though fully set forth herein.

84.    An actual controversy has arisen between Arlo and Pattern concerning their respective rights and duties under the Agreement.

Dentons US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
213 623 9300

130121558v2

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

85.    Pattern contends that Arlo breached the Agreement by resuming direct sales to Amazon, whereas Arlo contends that Pattern materially breached the Agreement, which excused Arlo's further performance under the Agreement.

86.    Arlo desires a judicial determination of the parties' rights and duties under the Agreement, and a declaration that Pattern materially breached the Agreement, which excused Arlo's further performance.

87.    A judicial declaration is necessary and appropriate at this time so that Arlo may ascertain its rights and duties under the Agreement.

## NINTH CAUSE OF ACTION

### (Violation of California Business & Professions Code § 17200 et seq. – Unfair Competition)

88.    Arlo incorporates by reference Paragraphs 1 through 87 of this Counter Complaint as though fully set forth herein.

89.    California's Unfair Competition Law, Business and Professions Code Section 17200 et seq. (the "UCL"), prohibits any unlawful, unfair, or fraudulent business acts or practices.

90.    Pattern has engaged in unlawful, unfair, and fraudulent business acts and practices in violation of the UCL, as detailed above.

91.    These acts and omissions constitute unlawful business practices including because they violate the common law prohibitions against fraud, negligent misrepresentation, and breach of contract, as well as duties imposed under California law regarding good faith and fair dealing.

92.    These acts and omissions are unfair because they offend established public policy, are immoral, unethical, oppressive, and unscrupulous, and cause injury to Arlo that greatly outweighs any alleged benefit to Pattern.

93.    Pattern's conduct also constitutes fraudulent business practices because it was likely to deceive Arlo into believing that Pattern would act as a qualified 3P reseller and fulfill its promises under the Agreement, when in fact Pattern intended

130121558v2

1   to secure marketing fees without meeting its obligations.

2       94.    As a direct and proximate result of Pattern's unlawful, unfair, and

3   fraudulent business practices, Arlo has suffered substantial injury, including but not

4   limited to disruption of its Amazon business, loss of market share and profit, and lost

5   subscription profit exceeding $80,700,000.

6       95.    Pursuant to Business and Professions Code sections 17203 and 17204,

7   Arlo seeks full restitution and disgorgement of all monies or benefits unjustly

8   received by Pattern as a result of its unlawful, unfair, and fraudulent conduct, and

9   injunctive relief as the Court deems proper to prevent the recurrence of such

10  practices.

## **PRAYER FOR RELIEF**

12      WHEREFORE, Counter Plaintiff Arlo prays for judgment against Counter

13  Defendant Pattern as follows:

14      1.     For damages in an amount to be proven at trial, but not less than

15  $80,700,000;

16      2.     For indemnification for all losses suffered by Arlo arising from or

17  relating to Pattern's material breaches of the Agreement and willful misconduct,

18  including but not limited to lost sales and subscription profit and losses incurred in

19  resuming the 1P relationship with Amazon;

20      3.     For restitution and for disgorgement of all benefits received by Pattern

21  from Arlo;

22      4.     For punitive and exemplary damages according to proof;

23      5.     For a judicial declaration of the parties' rights and duties under the

24  Agreement;

25      6.     For pre-judgment and post-judgment interest at the maximum legal

26  rate;

27      7.     For attorneys' fees and costs incurred as provided by the Agreement;

28      8.     For costs of suit incurred herein; and

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

Arlo Technologies, Inc.'s Answer; Counter Complaint

130121558v2

9.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  April 25, 2025                    DENTONS US LLP

By: */s/ Michael Duvall*
_____
       Michael Duvall

Attorneys for Defendant and
Counterclaim-Plaintiff
Arlo Technologies, Inc.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

Arlo Technologies, Inc.'s Answer; Counter Complaint

130121558v2

1

## **PROOF OF SERVICE**

2      I, Jocasta Wong, hereby declare:

3      I am over the age of eighteen years and not a party to the within-entitled

4  action. My business address is Dentons US LLP, 1999 Harrison Street, Suite 1210,

5  Oakland, California 94612.

6      On April 25, 2025, I caused the following document, described as:

7      **ARLO TECHNOLOGIES, INC.'S ANSWER; COUNTER COMPLAINT**

8  to be served via CM/ECF by the Clerk of the Court, upon all counsel of record

9  registered to receive electronic filing, as indicated on the Court's website.

10      I declare under penalty of perjury that the above is true and correct.

11  Executed on April 25, 2025, in San Mateo, California.

12

13

14  _____
        Jocasta Wong

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
213 623 9300

PROOF OF SERVICE