MARY R. ROBBERSON, ESQ. (Bar No. 190641)
mary@theRSfirm.com
RACHEL M. GARRARD, ESQ. (Bar No. 307822)
rachel@theRSfirm.com
ROBBERSON SCHROEDTER LLP
501 West Broadway, Suite 1260
San Diego, CA 92101
(619) 353-5691

Attorneys for Plaintiff and Cross-Defendant
PATTERN INC.

# UNITED STATES OF DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTERN INC., a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ARLO TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendant. | CASE NO. 3:25-cv-00516-JLS-BLM<br><br>**PLAINTIFF AND CROSS-DEFENDANT PATTERN INC'S ANSWER TO DEFENDANT AND CROSS-PLAINTIFF ARLO TECHNOLOGIES, INC.'S COUNTER COMPLAINT**<br><br>Judge: Hon. Janis L. Sammartino<br>Date Action Filed: January 24, 2025<br>Date Cross-Action Filed: April 25, 2025<br>Date Action Removed: March 5, 2025 |
| ARLO TECHNOLOGIES, INC., a Delaware corporation,<br><br>Cross-Plaintiff,<br><br>vs.<br><br>PATTERN INC., a Utah corporation; and DOES 1 through 10, inclusive,<br><br>Cross-Defendant. | |

Plaintiff and Cross-Defendant PATTERN INC., a Utah corporation (hereinafter, "Pattern") answers the Counter Complaint of Defendant and Cross-Plaintiff ARLO TECHNOLOGIES, INC. ("Arlo") as follows:

## JURISDICTION AND VENUE

1.      Pattern admits the allegations in paragraph 1.

2.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

3.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

4.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

5.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

6.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

## FACTAL BACKGROUND

**I.    Arlo's Business**

7.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

8.      Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

**II.    Pattern's Pre-Contractual Representations and Material Forecasting Misrepresentations to Arlo**

9.      Pattern admits that it entered into an Authorized Reseller Agreement (the "Agreement"), whereby Arlo appointed Pattern as an authorized, exclusive reseller of certain Arlo Products on Amazon.com, and that the Agreement was heavily negotiated. Pattern is without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

10.    Pattern admits the allegations in paragraph 10

11.    Pattern admits that Pattern and Vorys pitched Arlo to transition to a third-party relationship with Amazon. Pattern denies that the pitch was "aggressive" and denies the remaining allegations in this paragraph.

12.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

13.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

14.    Pattern admits the allegations in paragraph 14.

15.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

16.    Pattern admits the allegations in paragraph 16.

17.    Pattern denies the allegations in paragraph 17.

18.    Pattern admits that it forecasted an increase in sales. Pattern is without sufficient knowledge to form a belief as to the truth of the remaining allegations in this paragraph, and they are therefore denied.

19.    Pattern admits the allegations in paragraph 19.

20.    Pattern admits the allegations in paragraph 20.

21.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

### III.    The Agreement and Transition to Pattern as Arlo's Purported Exclusive 3P Reseller on Amazon

22.    The allegations in this paragraph state legal conclusions to which no answer is required. To the extent an answer is required, Pattern denies the allegations in this paragraph.

23.    Pattern admits the allegations in paragraph 23.

24.    Pattern admits the allegations in paragraph 24.

25.    Pattern denies the allegations in paragraph 25.

26.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

## IV.    Amazon's Termination Of Pattern As Arlo's Exclusive 3P Reseller And Pattern's Material Breaches

27.    Pattern denies that Amazon informed Pattern that Pattern would no longer be permitted to act as a reseller for Arlo on Amazon. Pattern admits the remaining allegations in this paragraph.

28.    Pattern denies the allegations in paragraph 28.

29.    Pattern denies the allegations in paragraph 29.

30.    Pattern denies the allegations in paragraph 30.

31.    Pattern denies the allegations in paragraph 31.

## V.    Pattern's Additional Bad Faith and Commercially Unreasonable Conduct and Refusal to Mitigate Damages

32.    Pattern admits that Arlo is required to continue paying for Pattern's marketing and advertising services. Pattern denies the remaining allegations in this paragraph.

33.    Pattern denies the allegations in paragraph 33.

34.    Pattern denies the allegations in paragraph 34.

35.    Pattern denies the allegations in paragraph 35.

36.    Pattern admits that it claims the Agreement has been terminated. Pattern denies the remaining allegations in this paragraph.

37.    Pattern denies the allegations in paragraph 37.

## VI.    Detrimental Impact on Arlo's Amazon Business

38.    Pattern denies the allegations in paragraph 38.

39.    Pattern denies the allegations in paragraph 39.

40.    Pattern denies the allegations in paragraph 40.

///

///

**FIRST CAUSE OF ACTION**

**(Breach of Contract – Exclusivity Provision)**

41.    Pattern incorporates by reference its response to each of the preceding paragraphs.

42.    Pattern admits that the Agreement required Pattern to act as the exclusive reseller of Arlo products on Amazon. Pattern denies that the Agreement required Arlo to act as an exclusive reseller and denies the remaining allegations in this paragraph.

43.    Pattern denies the allegations in paragraph 43.

44.    Pattern denies the allegations in paragraph 44.

45.    Pattern denies the allegations in paragraph 45.

46.    Pattern denies the allegations in paragraph 46.

**SECOND CAUSE OF ACTION**

**(Breach of Contract)**

47.    Pattern incorporates by reference its response to each of the preceding paragraphs.

48.    Pattern admits the allegations in paragraph 48.

49.    Pattern denies the allegations in paragraph 49.

50.    Pattern denies the allegations in paragraph 50.

51.    Pattern denies the allegations in paragraph 51.

**THIRD CAUSE OF ACTION**

**(Indemnification)**

52.    Pattern incorporates by reference its response to each of the preceding paragraphs.

53.    Pattern admits the allegations in paragraph 53.

54.    Pattern denies that Pattern materially breached its obligations under the Agreement and denies the remaining allegations in this paragraph.

55.    Pattern denies the allegations in paragraph 55.

1    56.    Pattern denies the allegations in paragraph 56.

2                    **FOURTH CAUSE OF ACTION**

3    **(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

4    57.    Pattern incorporates by reference its response to each of the preceding

5    paragraphs.

6    58.    The allegations in this paragraph state legal conclusions to which no

7    answer is required. To the extent an answer is required, Pattern denies the allegations

8    in this paragraph.

9    59.    Pattern denies the allegations in paragraph 59.

10    60.    Pattern denies the allegations in paragraph 60.

11                     **FIFTH CAUSE OF ACTION**

12                     **(Fraudulent Inducement)**

13    61.    Pattern incorporates by reference its response to each of the preceding

14    paragraphs.

15    62.    Pattern is without sufficient knowledge to form a belief as to the truth

16    of the allegations in this paragraph, and they are therefore denied.

17    63.    Pattern denies the allegations in paragraph 63.

18    64.    Pattern denies the allegations in paragraph 64.

19    65.    Pattern denies the allegations in paragraph 65.

20    66.    Pattern denies the allegations in paragraph 66.

21    67.    Pattern denies the allegations in paragraph 67.

22                     **SIXTH CAUSE OF ACTION**

23                     **(Negligent Misrepresentation)**

24    68.    Pattern incorporates by reference its response to each of the preceding

25    paragraphs.

26    69.    Pattern is without sufficient knowledge to form a belief as to the truth

27    of the allegations in this paragraph, and they are therefore denied.

28    70.    Pattern denies the allegations in paragraph 70.

71.    The allegations in this paragraph state legal conclusions to which no answer is required. To the extent an answer is required, Pattern denies the allegations in this paragraph.

72.    Pattern denies the allegations in paragraph 72.

73.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

74.    Pattern denies the allegations in paragraph 74.

### SEVENTH CAUSE OF ACTION
### (Tortious Interference with Contract)

75.    Pattern incorporates by reference its response to each of the preceding paragraphs.

76.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

77.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

78.    Pattern denies the allegations in paragraph 78.

79.    Pattern denies the allegations in paragraph 79.

80.    Pattern denies the allegations in paragraph 80.

81.    Pattern denies the allegations in paragraph 81.

82.    Pattern denies the allegations in paragraph 82.

### EIGHTH CAUSE OF ACTION
### (Declaratory Relief)

83.    Pattern incorporates by reference its response to each of the preceding paragraphs.

84.    Pattern admits the allegations in paragraph 84.

85.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

86.    Pattern is without sufficient knowledge to form a belief as to the truth

of the allegations in this paragraph, and they are therefore denied.

87.    Pattern is without sufficient knowledge to form a belief as to the truth of the allegations in this paragraph, and they are therefore denied.

## NINTH CAUSE OF ACTION

**(Violation of California Business & Professions Code § 17200 et seq. – Unfair Competition)**

88.    Pattern incorporates by reference its response to each of the preceding paragraphs.

89.    The allegations in this paragraph state legal conclusions to which no answer is required. To the extent an answer is required, Pattern denies the allegations in this paragraph.

90.    Pattern denies the allegations in paragraph 90.

91.    Pattern denies the allegations in paragraph 91.

92.    Pattern denies the allegations in paragraph 92.

93.    Pattern denies the allegations in paragraph 93.

94.    Pattern denies the allegations in paragraph 94.

95.    The allegations in this paragraph state legal conclusions to which no answer is required. To the extent an answer is required, Pattern denies the allegations in this paragraph.

## PRAYER FOR RELIEF

The prayer for relief states legal conclusions to which no answer is required. To the extent an answer is required, Pattern denies the allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action)**

As a separate affirmative defense to the Counter Complaint, and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the

Counter Complaint, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Pattern.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the Counter Complaint and each and every cause of action therein, is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the Counter Complaint and each and every cause of action therein, is barred by the doctrine of equitable estoppel because of the acts, omissions, representations, and course of conduct of Arlo, upon which Pattern is reasonably entitled to rely.

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver and Release)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo is barred from any recovery under the Counter Complaint because Arlo voluntarily and knowingly waived and released each and every right and cause of action against Pattern.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the Counter Complaint and each and every purported cause of action contained therein, is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo has unreasonably delayed in filing the Counter Complaint and/or notifying Pattern of the alleged harm and damages, and the basis for the causes of action alleged against it, all of which have unduly and severely prejudiced Pattern in the defense of this action, thereby barring or diminishing Arlo's recovery herein based upon the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlos has failed to mitigate damages, if any, in connection with the matters set forth in the Counter Complaint and that such failure to mitigate bars and/or diminishes Arlo's recovery, if any, against Pattern.

## EIGHTH AFFIRMATIVE DEFENSE
### (Causation)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that its alleged conduct was not the legal cause of any damages allegedly suffered by Arlo.

## NINTH AFFIRMATIVE DEFENSE
### (Ratification)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo has ratified any alleged wrongful conduct of Pattern, and accordingly its claims are barred.

///

## TENTH AFFIRMATIVE DEFENSE

### (Set-Off)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that if Arlo is entitled to any recovery from Pattern, Pattern is entitled to a reduction or set-off equal to the value of amounts, fees, and costs plus interest owed to Pattern by Arlo, the amount of which will be determined at trial.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privileged and/or Justified)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the conduct of Pattern is privileged and/or justified, and by reason of the foregoing, Arlo is barred from any recovery against Pattern.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo at all times consented to the conduct undertaken by Pattern.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Others)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred to the extent that any damages allegedly incurred by Arlo were caused or contributed to, in whole or in part, by the acts, errors, representations, and/or omissions of persons or entities other than Pattern.

///

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault / Negligence by Arlo)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred to the extent that any damages allegedly incurred by Arlo were caused or contributed to, in whole or in part, by the acts, errors, and/or omissions of Arlo or others.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Complete Performance)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that it has appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Counter Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening Superseding Causes)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claimed damages were proximately caused, or contributed to, by the acts of others and those acts were the intervening and superseding cause of Arlo's alleged damages, if any.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure of Performance)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that any alleged failure on the part of Pattern to perform any obligations described in the Counter Complaint is excused by Arlo's or other parties' failure to perform their obligations under the parties' agreement in a timely, proper, and complete manner.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred, in whole or in part, because Pattern at all times acted in good faith and did not directly or indirectly perform any act whatsoever that would constitute a violation of any right of Arlo or any duty owed, if any, to Arlo.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No and/or Speculative Damages)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the Counter Complaint and each cause of action therein, is barred in whole or in part because Arlo cannot prove actual damages and/or because Arlo's alleged damages, if any, are speculative, vague, based on guess-work and conjecture, and impossible to ascertain or allocate.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Compliance with Applicable Laws)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred in whole or in part by reason of Pattern's compliance with all applicable laws, statutes, and regulations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that the Counter Complaint and all causes of action contained therein is barred to the extent Arlo has failed to join necessary and indispensable parties to this action.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Excuse of Performance)**

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that, without conceding any allegations in the Counter Complaint, the conduct of Pattern in regard to the matters alleged in the Counter Complaint was justified or otherwise subject to the doctrine of excuse, and by reason of the foregoing, Arlo is barred from any recovery therein.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred on the grounds that Arlo assumed the risk of their agreements and, therefore, said claims are barred by the doctrine of assumption of the risk.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Apportionment of Fault)**

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that each of the parties to this action, other than Pattern, and others whose identities are presently not known were negligent or legally responsible or otherwise at fault for the damages alleged in the Counter Complaint and each cause of action alleged therein.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No Reliance)**

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred on grounds that Arlo, or others, did not reasonably rely on

any representation, disclaimer, warning or other act or omission of Pattern.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE
#### (Conformity with Laws)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo's claims are barred on grounds that all conduct and activities of Pattern alleged in the Counter Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time alleged in the Counter Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE
#### (Breach of Contract)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo and/or other adverse parties breached their contract(s) with Pattern, thereby relieving Pattern of any further obligation under any said contract.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Improper Calculations)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo has miscalculated the alleged amount due that it seeks to recover through the Counter Complaint such that Pattern, if it owes any sums at all, owes them in a lesser amount than is sought in the Counter Complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
#### (Failure of Conditions Precedent/Subsequent)

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Arlo has failed to fulfill and comply with all conditions precedent and/or subsequent under the terms of the parties' alleged contract or agreement such that Arlo is barred

1   from recovering against Pattern under the Counter Complaint, and each and every
2   cause of action stated therein.

3   ## THIRTIETH AFFIRMATIVE DEFENSE
4   ### (Prevention of Performance)

5   As a separate affirmative defense to the Counter Complaint and all causes of
6   action contained therein, Pattern is informed and believes and thereon alleges that
7   without conceding any allegations in the Counter Complaint, if Pattern is found to
8   have failed to perform any covenant or condition pursuant to any alleged agreement
9   with Arlo or other parties, Pattern alleges that such failure was for the reason that
10  other parties, by their acts and omissions, or those of their agents, prevented
11  Defendant's performance and excused any and all future performance.

12  ## THIRTY-FIRST AFFIRMATIVE DEFENSE
13  ### (Substantial Compliance)

14  As a separate affirmative defense to the Counter Complaint and all causes of
15  action contained therein, Pattern is informed and believes and thereon alleges that
16  Pattern has substantially complied with its obligations under the terms of the contract
17  and, to the extent it is determined in a court of law that Pattern has not fulfilled all of
18  its contractual obligations, any of Pattern's outstanding obligations are so minor and
19  inconsequential that Arlo is barred from recovering under the Counter Complaint,
20  and each and every cause of action therein.

21  ## THIRTY-SECOND AFFIRMATIVE DEFENSE
22  ### (Cancellation of Contract)

23  As a separate affirmative defense to the Counter Complaint and all causes of
24  action contained therein, Pattern is informed and believes and thereon alleges that
25  any alleged contract between Arlo and Pattern was cancelled and, thus, there is no
26  longer a valid and enforceable contract.

27  ///
28  ///

## **THIRTY-THIRD AFFIRMATIVE DEFENSE**

### **(Reasonableness)**

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that Pattern acted reasonably and with proper cause such that Pattern's conduct was not unreasonable and did not constitute a breach of the parties' agreement or a violation of any right of Arlo or any duty owed, if any, to Arlo such that Arlo is barred from recovering under the Counter Complaint, and each and every cause of action therein.

## **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

### **(Additional Defenses)**

As a separate affirmative defense to the Counter Complaint and all causes of action contained therein, Pattern is informed and believes and thereon alleges that it may have additional defenses that have yet to be identified. Pattern therefore reserves the right to assert additional defenses upon further particularization of Arlo's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

///
///
///
///
///
///
///
///
///
///
///

# **PRAYER**

**WHEREFORE**, Pattern prays for judgment as follows:

1.      That Arlo take nothing by virtue of their Counter Complaint;

2.      That judgment be entered in favor of Pattern and against Arlo on the Counter Complaint;

3.      For costs of suit incurred herein;

4.      For reasonable attorneys' fees;

5.      For expert fees; and

6.      For such other and further relief as the Court may deem just and proper.


DATED:  June 18, 2025                    ROBBERSON SCHROEDTER LLP


                                          By: _____
                                          MARY R. ROBBERSON, ESQ.
                                          RACHEL M. GARRARD, ESQ.
                                          Attorneys for Plaintiff and Cross-
                                          Defendant PATTERN INC.