UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTERN INC., Plaintiff, v. ARLO TECHNOLOGIES, INC.; and DOES 1 through 10, inclusive, Defendants. | Case No.: 25-CV-516 JLS (BJW) **ORDER GRANTING NON-PARTY DAVID WRIGHT'S MOTION TO INTERVENE** (ECF No. 72) |
| ARLO TECHNOLOGIES, INC., Counterclaimant, v. PATTERN INC., Counterdefendant. | |

Presently before the Court is Non-Party David Wright's Motion to Intervene for the Limited Purpose of Moving to Disqualify Counsel ("Mot.," ECF No. 72). Also before the Court is Defendant Arlo Technologies, Inc.'s ("Arlo") Opposition thereto ("Opp'n," ECF No. 82) and Mr. Wright's Reply in support thereof ("Reply," ECF No. 83). Plaintiff Pattern has not filed in support or opposition. *See generally* Docket.

## BACKGROUND

Non-Party David Wright, the President and co-founder of Plaintiff Pattern Inc. ("Pattern"), seeks leave to intervene for the limited purpose of moving to disqualify counsel for Arlo. Mot. at 2. Mr. Wright argues that Dentons US LLP ("Dentons US"), counsel for Arlo, has represented Mr. Wright and his family for years, including on matters involving Pattern. Memorandum in Support of Motion, ECF No. 72-1 at 8. Mr. Wright describes engaging Jeffrey Jones, "a Dentons partner and shareholder who works out of Dentons' Salt Lake City office," "to act as his personal counsel and to provide legal advice and services generally related to his personal matters." *Id.* Mr. Wright says although he knew of the litigation between Pattern and Arlo, he did not discover the conflict until he learned Arlo was seeking his documents and deposition in late July 2026. *Id.* at 11–12.

Arlo opposes Mr. Wright's motion. Opp'n at 7. Arlo argues that Mr. Wright has no protectable interest because there is no conflict. On one side, "Mr. Wright blurs the lines between himself individually, his Trust, the company of which he is an employee and officer (Pattern), and its public parent company in which he is a minority shareholder." *Id.* On the other side, Dentons US and Dentons Durham Jones Pinegar P.C. ("DDJP") are only affiliate firms within the Dentons US Region verein.[1] *Id.* at 8. Further, Arlo argues that Mr. Wright had constructive notice of Dentons US's representation since March 2025 and his August Motion to Intervene is untimely. Finally, disqualifying Dentons US would severely prejudice Arlo due to the extent of investment in counsel. *Id.* at 30.

## LEGAL STANDARD

Under Rule 24(a), a court *must*, on a timely motion, grant intervention as a matter of right where the movant "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter

---

[1] "Although Swiss vereins do no have 'an exact legal counterpart in the United States,' they are 'somewhat akin to an incorporated membership association' that is 'legally distinct from its members.'" *Dentons US LLP v. Republic of Guinea*, 208 F. Supp. 3d 330, 344 (D.D.C. 2016) (quoting *Jeffries v. Deloitte Touche Tohmatsu Int'l*, 893 F. Supp. 455, 457 n.1 (E.D. Pa. 1995)); *see also In re Project Orange Associates, LLC*, 431 B.R. 363 (Bankr. S.D.N.Y. 2010).

impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A movant seeking such intervention must show that he or she (1) "has a 'significant protectable interest' relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Perry v. Schwarzenegger*, 630 F.3d 898, 903 (9th Cir. 2011) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

## ANALYSIS

The Court does not address the merits of any potential motion to disqualify counsel. At this stage, it is only Mr. Wright's proposed intervention that is at issue. The Court finds that Mr. Wright's motion is timely and he is entitled to intervene as of right. Even if he were not so entitled, the Court exercises its discretion to permit Mr. Wright's intervention.

### I. Timeliness

"Timeliness is 'the threshold requirement' for intervention as of right." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States v. State of Or.*, 913 F.2d 576, 588 (9th Cir. 1990)). Timeliness is governed by "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reasons for and length of the delay." *Brown v. Google LLC*, 172 F.4th 1128, 1133 (9th Cir. 2026) (quoting *Kalbers v. U.S. Dep't. of Just.*, 22 F.4th 816, 822 (9th Cir. 2021)).

"In analyzing timeliness, we are also mindful of the balance of policies underlying intervention." *Kalbers*, 22 F.4th at 823. Courts discourage premature intervention when it would "squander scare judicial resources and increase litigation costs." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376–77 (5th Cir. 2001). And intervention is favored because it allows for the "efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (citation omitted). Timeliness is not meant to punish a "tardy intervenor" but to guard

against prejudicing the original parties by the failure to apply sooner and thus "derailing a lawsuit within sight of the terminal." *Kalbers*, 22 F.4th at 823 (quoting *John Doe No. 1*, 256 F.3d at 375 then *United States v. City of Chicago*, 870 F.2d 1256, 1263 (7th Cir. 1989)).

### *A. Stage of Litigation*

Courts disfavor intervention at an advanced stage of litigation unless there is a change in circumstances that implicates the intervenor's interests. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). "The 'stage of proceeding' factor uses a 'nuanced, pragmatic approach' to examine whether 'the district court has substantively—and substantially—engaged the issues in [the] case.' *Kalbers*, 22 F.4th at 826 (quoting *League*, 131 F.3d at 1303). "Neither the formal stage of the litigation (e.g., the pretrial stage) nor the length of time that has passed since a suit was filed is dispositive." *Id.* (first quoting *League*, 131 F.3d at 1303, then quoting *State of Or.*, 913 F.2d at 588).

The Court finds the "stage of proceeding" factor weighs in favor of timeliness because the case is not at an advanced stage of litigation. It is true there is a pending motion to file an amended complaint. ECF No. 48. However, the Court has not engaged with dispositive issues for the case. *Cf. League*, 131 F.3d at 1303 (finding the stage of the proceeding weighed heavily against intervention when there had been a temporary restraining order, a preliminary injunction, an appeal, provisional class certification, four prior interventions, a motion to dismiss, a motion for summary judgment, and nine months of discovery).

### *B. Prejudice to the Parties*

The "only 'prejudice' that is relevant . . . is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented." *Kalbers*, 22 F.4th at 825 (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016)). "That is, prejudice must be connected in some way to the timing of the intervention motion." *Id.* "[T]he fact that including another party in the case might make resolution more difficult does not constitute

/ / /

prejudice." *Smith*, 830 F.3d at 857 (quoting *United States v. State of Or.*, 745 F.2d 550, 552–53 (9th Cir. 1984)) (cleaned up).

Arlo argues that disqualifying Dentons US as counsel would severely prejudice Arlo. However, it does not argue that allowing Mr. Wright to intervene at this point would result in prejudice. The Court does not identify any prejudice stemming from the timing of Mr. Wright's motion. *See Kalbers*, 22 F.4th at 826. Therefore, this lack of prejudice weighs heavily in favor of timeliness.

***C. Delay***

"Delay is measured from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." *Kalbers*, 22 F.4th at 823 (quoting *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996)).

Here, Arlo argues that Mr. Wright should have known of Dentons US's representation since March 2025. Opp'n. Perhaps. But that is not the test for timeliness. The issue before the Court is whether Mr. Wright delayed after he should have been aware that his interests would "no longer be protected adequately by the parties." *Kalbers*, 22 F.4th at 823. As discussed below, the operative interest is Mr. Wright's reliance on his lawyer's duty of confidentiality. *See* Mot. at 13–14.

The Court finds that Mr. Wright should have been aware his interest could not be protected by Pattern no earlier than July 2026. Prior to this date, even if Mr. Wright had known Dentons US represented Arlo, Mr. Wright could have relied on Pattern to protect his interests. *See* Opp'n at 18 (listing interests such as "diminished equity value, reputational harm, and the personal consequences of an adverse judgment"). However, the Court agrees with Mr. Wright that this changed when Arlo sought to add Mr. Wright as a custodian in May 2026 and signaled its intention to depose Mr. Wright in July 2026. At this point, it would be reasonable for Mr. Wright to believe intervention was necessary to protect his interest in confidentiality. Because Mr. Wright moved to intervene in August, the Court finds the short delay weighs in favor of timeliness.

Given that all three factors favor timeliness, the Court finds that Mr. Wright's motion was timely.

**II. Remaining Factors for Intervention as of Right**

"Aside from timeliness, a proposed intervenor must demonstrate three elements: (1) 'that the would-be intervenor has a significantly protectable interest relating to . . . the subject of the action,' (2) 'that the intervenor is so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest,' and (3) 'that such interest is inadequately represented by the parties to the action.'" *Kalbers*, 22 F.4th at 827 (quoting *Smith*, 830 F.3d at 853).

First, the Court finds that the confidentiality between Mr. Wright and his chosen counsel is a significant protectable interest that relates to the transaction at issue in this action. Other circuit courts have held that the threat of disclosure of confidential or privileged information constitutes an interest that may be affected and impaired, thus allowing a nonparty to intervene in an action. *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, No. 19-mc-00011-JVS-MAA, 2020 WL 13568174, at *8 (C.D. Cal. June 1, 2020) (collecting cases from the First, Sixth, Seventh, and D.C. Circuit Courts).

Second, Mr. Wright presents a fair allegation that further litigation will impair his ability to protect that interest. Although Arlo disputes the nature of the relationship between Dentons US and DDJP, the Court need not make a final ruling here. Mr. Wright's allegations as an intervener are sufficient to meet the standard to intervention as of right. Finally, Arlo does not dispute Mr. Wright's claim that Pattern cannot adequately represent Mr. Wright's interests regarding his purported representation by Dentons US. *See generally* Opp'n. In fact, Arlo emphasizes the division of interest between Mr. Wright and Pattern. *Id.* at 7.

Accordingly, the Court finds that Mr. Wright is entitled to intervene as of right.

**III. Permissive Intervention**

Even if Mr. Wright was not entitled to intervene as of right, the Court allows his motion under permissive intervention.

Under Rule 24(b), a court *may*, on timely motion, permit intervention where a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b); *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.–N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court."). A movant seeking permissive intervention under Rule 24(b) must show "'(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011)). In exercising its discretion, a court may deny such requests where intervention would unduly delay proceedings or prejudice existing parties. Fed. R. Civ. P. 24(b)(3).

Permissive intervention ordinarily requires independent jurisdictional grounds. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). However, an independent jurisdictional basis is not required when an intervenor does not seek to litigate a claim on the merits. *Id.* Here, Mr. Wright does not seek to become a party to this action or litigate any claim on the merits. He intends to ask the Court to exercise its inherent authority to disqualify counsel. *See Emberton v. San Francisco City Gov't*, No. 22-CV-05440-TSH, 2023 WL 3983809, at *2 (N.D. Cal. June 13, 2023) (quoting *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006) and citing *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980)). Therefore, independent jurisdiction is not required.

Further, as discussed above, the Court finds Mr. Wright's motion timely. Finally, the Court finds there is a common question of law or fact. Specifically, the question is whether Dentons US's continued representation of Arlo in the matter against Pattern is a violation of ethical rules.

Therefore, the grounds for permissive intervention are met. The Court exercises its discretion to permit Mr. Wright to intervene for the limited purpose of moving to disqualify Arlo's counsel.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Non-Party David Wright's Motion to Intervene for the Limited Purpose of Moving to Disqualify Counsel (ECF No. 72). Mr. Wright **SHALL FILE** a motion to disqualify counsel on or before October 16, 2026, in accordance with all applicable Civil Local Rules.

**IT IS SO ORDERED.**

Dated: October 1, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge