UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTERN INC., a Utah corporation,<br>Plaintiff,<br>v.<br>ARLO TECHNOLOGIES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br>Defendants. | Case No.: 25-CV-516 JLS (BJW)<br><br>**ORDER GRANTING IN PART APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 80) |
| ARLO TECHNOLOGIES, INC., a Delaware corporation,<br>Counterclaimant,<br>v.<br>PATTERN INC., a Utah corporation,<br>Counterdefendant. | |

Presently before the Court is Defendant and Counterclaimant Arlo Technologies, Inc.'s Application to File Documents Under Seal ("Mot.," ECF No. 80). Also before the Court is Plaintiff and Counterdefendant Pattern Inc.'s Response and Joinder ("Resp.," ECF No. 86). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART WITHOUT PREJUDICE** the Application.

**LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* A motion to intervene for the limited purpose of moving to disqualify counsel is no more than tangentially related to the merits and is thus subject to the less exacting good cause standard. *See Champion Power Equip. Inc. v. Firman Power Equip. Inc.*, No. CV-23-02371-PHX-DWL, 2025 WL 992005, at *2 (D. Ariz. Apr. 2, 2025) (citing *Ctr. for Auto Safety*, 809 F.3d at 1097); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 12642225, at *1 (N.D. Cal. Apr. 17, 2014) ("Because a motion to amend infringement or invalidity contentions is a non-dispositive motion, the 'good cause' standard applies.") (citations omitted).

/ / /

## DISCUSSION

Arlo requests that three categories of documents be filed under seal: (1) information related to Denton US's Negotiated Fee Arrangement with Arlo; (2) the Wright Irrevocable Trust's Engagement Letter; and (3) documents with information designated as confidential by Plaintiff. Mot. at 5. Pattern does not take a position on any document in the first two categories but requests two types of documents within the third category be filed under seal: (1) Pattern's confidential financial information; and (2) Pattern's confidential internal business strategy. Resp. at 2.

Beginning with the fee arrangement, Arlo seeks to seal portions of its Memorandum of Points and Authorities, paragraphs 11 and 12 of the Declaration of Brian Busse, and paragraph 31 of the Declaration of Michael J. Duvall. *Id.* at 6. Courts agree that disclosure of a law firm's negotiated rates can harm law firms "by providing current and prospective clients—and potentially its competitors—nonpublic information about its negotiated fee agreements." *Monster Energy Co. v. Vital Pharms., Inc.*, No. EDCV 18-1882 JGB (SHKx), 2023 WL 8168854, at *2 n.1 (C.D. Cal. Oct. 6, 2023), *aff'd*, No. 23-55451, 2025 WL 1111495 (9th Cir. Apr. 15, 2025); *see also TVIIM, LLC v. McAfee, Inc.*, No. 13-cv-04545-HSG, 2015 WL 5116721, at *2 (N.D. Cal. Aug. 28, 2015); *Columbia Sportswear N. Am., Inc. v. Serirus Innovative Accessories, Inc.*, No. 20-CV-709 JLS (JLB), 2022 WL 2798399, at *2 (S.D. Cal. Apr. 13, 2022). The Court finds that the exact amounts, attorney time, and the nature of fee arrangement is not crucial to the issues on this motion and thus there is good cause to narrowly redact the documents as proposed by Arlo.[1]

Moving to Mr. Wright's engagement letter, Arlo seeks to seal the complete copy of engagement letter (Exhibit A to the Martin declaration) and portions of the Memorandum of Points and Authorities and portions of the Martin and Baldwin declarations that reference language from the agreement. Mot. at 7. A fee agreement is privileged under

[1] As discussed further *infra*, the Court finds good cause for all proposed redactions in the Memorandum of Points and Authorities and the Duvall declaration based on the fee arrangement, engagement letter, and Pattern's confidential information and strategy.

California law. *See* Cal. Bus. & Prof. Code § 6149 ("A written fee contract shall be deemed to be a confidential communication . . . ."); *Mandel v. Am. Zurich Ins. Co.*, No. CV 20-08564-SVW (RAOx), 2021 WL 4805306, at *1 n.1 (C.D. Cal. Mar. 12, 2021). Such documents are traditionally kept secret and thus should be sealed. *See SCPS LLC v. Kind L.*, No. CV 25-3255-MWF (SSCx), 2026 WL 96898, at *5 (C.D. Cal. Jan. 8, 2026). Although Arlo argues Mr. Wright affirmatively placed the engagement agreement at issue, waiving privilege, the Court does not find the substance of the agreement dispositive to resolve the motion to intervene.[2] The Court finds good cause to seal and redact the documents as proposed by Arlo.

Pattern seeks to seal entire Exhibits B, D, and G, and paragraphs 15, 17, and 19 of the Duvall declaration and portions of Exhibit J to the Duvall declaration. See Resp. at 3, 4. Pattern argues these documents contain "confidential financial and business strategy information" "which would harm Pattern if disclosed." Resp. at 4. It is appropriate to seal "business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *see also In re Koninklijke Philips Pat. Litig.*, No. 18-CV-01885-HSG, 2019 WL 2359206, at *4 (N.D. Cal. June 4, 2019) (finding good cause to seal documents related to a party's "business operations and technology") (collecting cases); *Champion Power Equip. Inc.*, 2025 WL 992005, at *2. The Court also finds that the request to seal is narrowly tailored as Pattern limits redactions to specific information or documents where "confidential information permeates the whole of [the] exhibits." Resp. at 7. Specifically, Pattern proposes a redacted version of Exhibit J as an alternative to sealing the entire document as proposed by Arlo. Resp. at 7; ECF No. 87. The Court finds good cause to seal Exhibits B, D, and G to the Duvall declaration, and to redact paragraphs 15, 17, and 19 of the Duvall declaration as proposed by Arlo. The Court also finds good cause to redact Exhibit J to the Duvall declaration as proposed by Pattern (ECF No. 87).

---

[2] The question of waiver may be different on Mr. Wright's expected Motion to Disqualify Counsel. The Court reserves determination until that issue is before it.

The Court finds neither Arlo nor Pattern takes a position regarding the sealing or redaction of Exhibits A, H, I, K, N of the Duvall declaration beyond referencing the protective order. *See* Mot. at 6–7; Resp. at 3. An existing protective order is not in itself automatic grounds for subsequently granting leave to file documents under seal. *See Kamakana*, 447 F.3d at 1183 (first citing *Foltz*, 331 F.3d at 1138; then citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475–76 (9th Cir. 1992)). Further, without a reason supporting good cause, the Court cannot determine if redaction would suffice to protect the Parties' interest instead of sealing the entire document. Thus, the burden of establishing that good cause exists to deals the documents in question has not been met.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART** Defendant and Counterclaimant's Application to File Documents Under Seal ("Mot.," ECF No. 80). The Clerk of Court **SHALL FILE** under seal the proposed seal-lodged documents (ECF Nos. 81, 81-1, 81-2, 81-3, 81-4).

Plaintiff **SHALL FILE** a redacted version of Exhibit J to the Duvall declaration within seven (7) days of the electronic docketing of this Order.

Should either Party elect to file a renewed Motion to Seal, it **SHALL FILE** a renewed motion within fourteen (14) days of the electronic docketing of this Order. Parties should consider carefully what information meets the good cause reason standard necessary for sealing and make a specific showing thereof.

Defendant **SHALL FILE** on the public docket unredacted versions of Exhibits A, H, I, K, and N of the Duvall declaration upon expiration of the fourteen (14) days deadline to file a renewed motion.

**IT IS SO ORDERED.**

Dated: October 9, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge